Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000761
28-AUG-2015
08:17 AM

NO. CAAP-14-0000761

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
WAILANA K. CRIVELLO HO, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-13-04236)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on March 12, 2014, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

The charge against Defendant-Appellee Wailana K. Crivello Ho (Ho) for Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2014) was dismissed with prejudice by the District Court.

On appeal, the State claims the District Court erred by dismissing the charge because it had no valid legal basis to do so.

Upon careful review of the record and the opening brief submitted by the State, there being no answering brief filed by Ho, and having given due consideration to the arguments advanced

_____

[1] The Honorable David W. Lo presided.

and the issues raised, we resolve the State's point of error as follows:

The District Court abused its discretion by dismissing the charge against Ho because it lacked a legal basis for doing so. None of the three grounds which the District Court apparently relied upon to dismiss the charge (i.e., the reasons stated by defense counsel) provide a valid basis to dismiss the charge against Ho.

A court's inherent power to dismiss a criminal case arises from article VI, section 1 of the Hawai'i Constitution which "grants courts the power to take steps necessary for the promotion of justice[.]" State v. Mageo, 78 Hawai'i 33, 37, 889 P.2d 1092, 1096 (App. 1995) (internal quotation marks omitted) (citing State v. Moriwake, 65 Haw. 47, 647 P.2d 705 (1982)). We reviewed the District Court's pre-trial dismissal of the charge for abuse of discretion. State v. Moriwake, 65 Hawai'i 47, 55, 647 P.2d 705, 711 (1982). The District Court must balance "the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system." Mageo, 78 Hawai'i at 37, 889 P.2d at 1096 (citation and internal quotation marks omitted). The Hawai'i Supreme Court has noted that situations such as a serious threat to the integrity of the judicial process, clear denial of due process, evidence some constitutional right has been violated, arbitrary action, or governmental misconduct have justified the use of such power by other courts. State v. Alvey, 67 Haw. 49, 57, 678 P.2d 5, 10 (1984). However, judicial economy is "not a legitimate reason to dismiss an indictment prior to a defendant's first trial[,]" and "[e]xcept where Moriwake-type considerations apply, dismissing an indictment just to ease a crowded docket is an abuse of discretion." Id. at 58, 678 P.2d at 11 (citation omitted).

In dismissing the charge against Ho, the District Court accepted Ho's argument that Hawai'i Rules of Penal Procedure (HRPP) Rule 48[2] had been violated, that Ho's driver's license was

---

[2] HRPP Rule 48(b) provides that:

(continued...)

2

administratively revoked and an ignition interlock device placed on her vehicle, and that according to the District Court's practice, if the case had been previously transferred to another courtroom it would have been dismissed, instead of continued a second time at the State's request.

Ho's case was called by the presiding District Court judge on February 13, 2014,[3] who granted the State a second continuance over the objection of Ho's counsel, and trial was re-set for March 12, 2014. In re-setting the trial date, the presiding District Court judge stated that he wanted to set a trial date in order to comply with HRPP Rule 48, which expired on March 6, 2014. However, due to a scheduling conflict with Ho's counsel, Ho opted to have trial set for March 12, 2014 and waived her rights under HRPP Rule 48. When Ho then appeared for trial on March 12, 2014, the State was ready to proceed. There was no violation of HRPP Rule 48 on March 12, 2014.

The District Court did not order the revocation of Ho's driver's license and installation of an ignition interlock system on her vehicle. The Administrative Revocation Program, which allows for revocation of Ho's license and installation of an ignition interlock device is authorized pursuant to HRS §§ 291E-31 and 291E-44.5 (Supp. 2013). Any punishment as a

---

[2](...continued)

> **(b) By Court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:
>
> (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or
>
> (2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or
>
> (3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.
>
> Clauses (b)(1) and (b)(2) shall not be applicable to any offense for which the arrest was made or the charge was filed prior to the effective date of the rule.

[3] The Honorable Russell S. Nagata presided on February 13, 2014.

3

result of an OVUII conviction is not "additional" to the "nonpunitive and purely remedial" consequences of the Administrative Revocation Program. State v. Toyomura, 80 Hawai'i 8, 23, 904 P.2d 893, 908 (1995). Therefore, Ho was not subject to multiple punishments. Id.

There was no evidence of a serious threat to the integrity of the judicial process, that a constitutional right had been violated, of arbitrary action, or of governmental misconduct in this case. Therefore, a dismissal of the charge by the District Court under these circumstances was an abuse of discretion.

Finally, the District Court's dismissal of the charge, in effect, overruled the ruling by the prior District Court judge who had continued the matter, without any cogent reason explained on the record. See State v. Oughterson, 99 Hawai'i 244, 254, 54 P.3d 415, 425 (2002) ("Unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion." (citation and emphasis omitted)).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on March 12, 2014, in the District Court of the First Circuit, Honolulu Division is vacated and the case is remanded for proceedings consistent with this order.

DATED: Honolulu, Hawai'i, August 28, 2015.

On the brief:

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Presiding Judge

Associate Judge

Associate Judge

4